UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MICHAEL CARL ROBERT GARDNER,   Case No. 2:22-cv-01749-MC

    Petitioner,   OPINION AND ORDER

  v.

PEDRO,

    Respondent.

_____

MCSHANE, District Judge.

Petitioner, an adult in custody at the Eastern Oregon Correctional Institution, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his state court convictions for manslaughter, attempted murder, and unlawful possession of a firearm. Respondent contends that the Petition must be denied because it was filed beyond the relevant statute of limitations and is untimely. Petitioner did not seek federal habeas relief within the one-year limitations period, and his Petition is DENIED.

1 - OPINION AND ORDER

DISCUSSION

On September 17, 2015, Petitioner pled no contest to charges of Manslaughter in the First Degree, Attempt to Commit Murder, and Felon in Possession of a Firearm. Resp't Ex. 104. Judgment entered on October 1, 2015, and Petitioner did not file a direct appeal. Resp't Ex. 101 at 8.

On September 14, 2017, Petitioner signed a petition for post-conviction relief (PCR) in state court and alleged that his counsel provided ineffective assistance in various respects. Resp't Ex. 106. The PCR court ultimately denied relief, the Oregon Court of Appeals summarily affirmed, and the Oregon Supreme Court denied review. Resp't Exs. 119, 123, 125. On December 13, 2021, appellate judgment issued. Resp't Ex. 126.

On October 20, 2022, Petitioner signed his federal habeas Petition in this action. Petitioner claims that trial counsel was ineffective by failing to ensure that his no-contest plea was knowing and voluntary. Respondent maintains that the Petition is untimely and barred from federal review. I agree.

Generally, a prisoner must file a federal habeas petition challenging a state court conviction within one year after the challenged conviction becomes final. 28 U.S.C. § 2244(d)(l) (providing that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court"). A conviction become final and the one-year statute of limitations begins to run when direct review proceedings have concluded. *Id.* §2244(d)(l)(A).

Here, the trial court entered judgment on October 1, 2015 and Petitioner did not seek direct review. Accordingly, Petitioner's conviction became final on November 2, 2015, after the time for seeking direct review expired. Or. Rev. Stat. § 138.071(1).

The statute of limitations ran for 682 days before Petitioner signed his state PCR petition on September 14, 2017. Resp't Ex. 106. The statute of limitations was tolled and stopped running during the pendency of Petitioner's PCR proceeding. 28 U.S.C. § 2244(d)(2) (providing that the "time during which a properly filed application for State post-conviction or other collateral review… is pending shall not be counted toward any period of limitations").

On December 13, 2021, appellate judgment issued in petitioner's PCR proceeding, and the statute of limitations restarted. Resp't Ex. 126. The limitations period ran for another 311 days until petitioner signed his federal Petition on October 20, 2020. In total, the statute of limitations ran for 993 days, well beyond the one-year limitations period.

Petitioner maintains that his Petition is timely because he filed it within one year after exhausting state court remedies through his PCR proceeding. Petitioner is incorrect; the statute of limitations began to run on November 2, 2015 and was not tolled until September 20, 2017, when Petitioner filed his PCR petition. Thus, the one-year statute of limitations had already expired by the time Petitioner initiated PCR proceedings.

Petitioner also suggests that his young age and lack of legal knowledge affected his ability to file a timely Petition. However, equitable tolling is available "only if extraordinary circumstances beyond" Petitioner's control made "it impossible to file a petition on time." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (citation omitted); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is "unavailable in most cases," as the "threshold" for its application is "very

high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citations omitted).

The Ninth Circuit has held that a petitioner's lack of legal knowledge does not establish extraordinary circumstances to support equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"). Further, Petitioner fails to show the diligent pursuit of his rights after the entry of final judgment by the trial court and appellate judgment in his PCR case.

Accordingly, Petitioner is not entitled to equitable tolling and his Petition is untimely and barred from federal review.

## CONCLUSION

The Petition for Writ of Habeas Corpus (ECF No. 2) is DENIED as untimely. A Certificate of Appealability is DENIED on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 7th day of July, 2023.

                                                                                     s/ Michael J. McShane  
                                                                                     MICHAEL J. MCSHANE  
                                                                                     United States District Judge

4 - OPINION AND ORDER